Honorable Mike K. Nakagawa
United States Bankruptcy Judge

**Entered on Docket**
**December 05, 2011**

_____

THE LAW OFFICES OF RANDOLPH H. GOLDBERG
RANDOLPH H. GOLDBERG, ESQ.
BAR NO. 5970
4000 S. Eastern Avenue, Suite 200
Las Vegas, NV 89119
(702) 735-1500
Fax: (702) 735-0505
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA

| In re: | Case No.: BK-S-11-20851-MKN |
|---|---|
| **TACHARA HUGHES** | Chapter 13 |
| Debtor(s). | Date:11/21/2011<br>Time: 3:15 p.m. |

### ORDER TO VALUE COLLATERAL; ORDER TO AVOID LIEN

THIS MATTER having come before the Court for a hearing on **NOVEMBER 21, 2011**, on Debtor's MOTION TO VALUE COLLATERAL; MOTION TO AVOID LIEN, and based upon the papers and pleadings on file herein, and good cause appearing; the Court finds as follows:

1. The Debtor's principal residence located at **1920 BAYHURST AVE, LAS VEGAS, NV 89031** (the "Subject Property") is valued at **$110,000.00** as of the date of filing Debtor's Chapter 13 Petition.

-1-

Case 11-20851-mkn   Doc 35   Entered 12/05/11 12:59:41   Page 2 of 6

2. The Subject Property is collateral for senior secured claim of **BANK OF AMERICA HOME LOAN SERVICING** ("Senior Leinholder").

**[Check only one box, and fill in the blanks]**

☒ Senior Lienholder has filed a Proof of Claim **(7-1)** related to such claim, and such Proof of Claim claims a debt of **$190,287.48.** Senior Lienholder's Proof of Claim indicates that Senior Lienholder has assigned **BANK OF AMERICA HOME LOAN SERVICING** to this claim.

[or]

☐ Senior Lienholder has *not* filed a Proof of Claim related to its claim, but has assigned to this claim. The Debtor's schedules list the amount of Senior Lienholder's claims as $ .

3. The Subject Property is also collateral for a junior secured claim of **BANK OF AMERICA HOME LOAN SERVICING** ("Junior Lienholder").

**[Check only one box, and fill in the blanks]**

☐ Junior Lienholder has filed a Proof of Claim **(NA)** related to such claim, and such Proof of Claim claims a debt of **$.** Junior Lienholder's Proof of Claim indicates that Junior Lienholder has assigned to this claim.

[or]

☒ Junior Lienholder has *not* filed a Proof of Claim related to its claim, but has assigned **BANK OF AMERICA HOME LOAN SERVICING** to this claim. The Debtor's schedules list the amount of Junior Lienholder's claims as **$9,108.00.**

4. Given the above, Junior Lienholder's interest in the Debtor's interest in the Subject

-2-

1  Property has no value.

2  THEREFORE, IT IS HEREBY ORDERED THAT, pursuant to Zimmer v. PSB Lending Corp. (In *re* Zimmer), 313 F. 3d 1220 (9th Cir. 2002), and 11 U.S.C. §§ 506(a) and 506(d), Junior Lienholder's claim is unsecured, and shall be treated as unsecured for all purposes in this case, including the manner in which such claim is treated and paid in Debtor's chapter 13 plan; and

IT IS FURTHER ORDERED THAT, should debtor receive a discharge in this case, Junior Lienholder shall as soon as practicable thereafter take all necessary and appropriate steps to remove its lien of record, and to ensure that Debtor's title to the Subject Property is clear of any cloud on title related to Junior Lienholder's claim. This court hereby reserves jurisdiction with respect to any dispute over the actions necessary to comply with this paragraph; and

IT IS FURTHER ORDERED THAT, should this case be converted to one under another chapter, 11 U.S.C. § 348(f) shall govern the continued validity of this order; and

IT IS FURTHER ORDERED THAT, should this case be dismissed, 11 U.S.C. § 349(b)(1)-(3) shall govern the continuing validity of this order; and

IT IS FURTHER ORDERED THAT nothing in this order shall be deemed to be an allowance or disallowance of any claim of Senior Lienholder or Junior Lienholder, and any party in interest, including the Debtor of the Trustee, may hereafter object to either claim on any ground recognized by the Bankruptcy Code.

DATED this 21st day of Nov. 2011

//
//

-3-

1  //
2  //
3
4  //
5  //
6  //
7
8
9  THE LAW OFFICES OF
   RANDOLPH H. GOLDBERG
10
   By /S/ RANDOLPH GOLDBERG ESQ.
11    RANDOLPH H. GOLDBERG, ESQ.
12    4000 S. Eastern
      Suite 200
13    Las Vegas, Nevada 89119
      Attorney for Debtor
14

-4-

1

2  LR 9021. ENTRY OF JUDGEMENTS AND ORDERS

3      Pursuant to LR 1001©, the judges of the District of Nevada hereby adopt this administrative order and amend the following local rules:

4

5  LR 9014 (g) is hereby amended to read as follows:

6  g) <u>Compliance with LR 9021</u>. In chapter 7 and 13 cases, LR 9021(b)(1) is waived if a proposed order is served with the motion and the motion is granted. The proposed order must be attached as an exhibit and may not be separately filed or submitted for the judge's signature prior to the hearing. If the proposed order is not served with the motion, or if the order has been modified by the court or otherwise, the LR 9021 (b)(1) is applicable.

10  LR 9021© is hereby amended to read as follows:

11  1) Documents listed in subsection (a) above must be submitted to the court with the following certification from the submitting counsel:

13  In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

15      _____ The court has waived the requirements set forth in LR 9021 (b)(1).

17      _____ No party appeared at the hearing or filed an objection to the motion.

18      _____ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

23                  **RICK A. YARNALL**
                    **701 BRIDGER AVENUE, #820**
24                  **LAS VEGAS, NEVADA, 89101**

25                  _____ APPROVED

26                  _____ DISAPPROVED

27                  _____ FAILED TO RESPOND

```
 1
 2         ✓   I certify that this is a case under Chapter 7 or 13,
               that I have served a copy of this order with motion
 3             pursuant to LR 9014(g), and that no party has objected
               to the form or content of the order.
 4
        2) No language other than "approved" or "disapproved" may appear
 5         above opposing counsel's signature; and

 6      3) Unless the court orders otherwise, "opposing counsel" means any
           attorney who appeared at the hearing regarding the matter that
 7         is the subject of the order or who filed objections.

 8      4) Variation from the certification language indicated in
           paragraph (c)(1) may be cause for returning the draft order
 9         unsigned by the court.
10
11
...
27
```